LARA C. DE LEON (SBN 270252)
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
3420 Bristol Street, Sixth Floor
Costa Mesa, California 92626
Telephone: (949) 743-3979

ELISE G. DVOROCHKIN (SBN 326360)
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 918-3000

Attorneys for Defendants
RYDER INTEGRATED LOGISTICS, INC.,
RYDER SYSTEM, INC.
and JENNIFER LEVENHAGEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CINDY RAMOS,<br><br>                    Plaintiff,<br>vs.<br><br>RYDER INTEGRATED LOGISTICS, INC., RYDER SYSTEMS, INC., JENNIFER LEVENHAGEN, an individual; and DOES 1 to 50, inclusive,<br><br>                    Defendants. | [*Removed from Los Angeles County Superior Court, Case No. 22STCV16800*]<br><br>**DEFENDANTS RYDER INTEGRATED LOGISTICS, INC., RYDER SYSTEM, INC. AND JENNIFER LEVENHAGEN'S NOTICE OR REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint Filed:  May 19, 2022<br>Removal Date:     May 16, 2023 |

1

DEFENDANTS' NOTICE OR REMOVAL OF ACTION TO FEDERAL COURT

**TO THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendants RYDER INTEGRATED LOGISTICS, INC., RYDER SYSTEM, INC.,[1] and JENNIFER LEVENHAGEN (collectively "Defendants") hereby remove the above-entitled action, Los Angeles Superior Court Case No. 22STCV16800, from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 due to diversity of citizenship between the parties.

This Court has original jurisdiction over this action under § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## PROCEDURAL BACKGROUND

1. On or about May 19, 2022, Plaintiff Cindy Ramos ("Plaintiff") commenced an action against Defendants by filing a Complaint in the Superior Court of California, County of Los Angeles, entitled *Cindy Ramos v. Ryder Integrated Logistics, Inc., Ryder Systems, Inc. Jennifer Levenhagen, an individual; and Does 1 to 50, inclusive* Case No. 22STCV16800 ("the State Court Action"). *See* **Exhibit A**.

2. Plaintiff's Complaint alleges the following causes of action against Defendants: (1) Whistleblower Retaliation (Cal. Lab. Code §§ 1102.5, 1102.6); (2) Whistleblower Retaliation (Cal. Lab. Code §§ 6310, 6311); (3) Wrongful Termination

---

[1] Ryder System, Inc. was not Plaintiff's employer and in any event, was erroneously sued as Ryder Systems, Inc.

2

in Violation of Public Policy; and (4) Intentional Infliction of Emotional Distress. *See id*.

3.    Defendants filed a Demurrer to Plaintiff's Complaint on July 25, 2022. *See* **Exhibit B**.

4.    On February 6, 2023, Plaintiff filed her Opposition to Defendants' Demurrer. *See* **Exhibit C**.

5.    On February 10, 2023, Defendants filed their Reply in Support of Their Demurrer. *See* **Exhibit D**.

6.    On March 16, 2023, Defendant filed a Notice of Ruling in connection with the Court's decision to sustain Defendants' demurrer to Plaintiff's first and fourth causes of action.  *See* **Exhibit E**.

7.    On March 29, 2023, Defendants filed a Notice of Change of Address. *See* **Exhibit F.**

8.     On April 4, 2023, Plaintiff filed her First Amended Complaint ("FAC"), alleging the same causes of action as her original Complaint. *See* **Exhibit G**.

9.    On May 8, 2023, Defendants filed a Declaration of Demurring Party in Support of Automatic Extension.  *See* **Exhibit H**.

10.    Defendants "DOES 1 through 50, Inclusive" have not been identified, nor is there any record of them having been served with the Complaint in the State Court Action. (Declaration of Lara C. de Leon ("de Leon Decl."), ¶ 4).

## TIMELINESS OF REMOVAL

11.    A notice of removal of a civil action must be (1) filed within 30 days after the receipt by defendant, by service or otherwise, of the initial pleading setting forth the claim for relief, and (2) within one year after the commencement of the action. 28 U.S.C. § 1446(b) and (c). However, "if a case stated by the initial pleading is not removeable, a notice of removal may be filed within thirty days after receipt by the defendant…of a copy of an amended pleading, motion, order *or other paper* from

DEFENDANTS' NOTICE OR REMOVAL OF ACTION TO FEDERAL COURT

which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b)(3) (emphasis added).

12. The 9th Circuit has concluded that "…§§ 1446 and 1146, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013).

13. This Notice is timely filed in that it has been filed both (1) within one year of May 19, 2022, the date Plaintiff filed her original Complaint; and (2) within 30 days of May 5, 2023, which is the date Defendants received a copy of an "other paper" evidencing that the amount in controversy exceeds $75,000.

14. Specifically, throughout the course of this litigation, Defendants requested that Plaintiff provide a written estimate of damages and/or a written settlement demand. It was not until May 5, 2023, however, that Plaintiff emailed confirmation of her $500,000 settlement demand and stated it was "based on what we believe a jury will award and will only increase as we incur further fees and costs during discovery." (de Leon Decl., ¶ 8, and Exhibit 2 thereto).

### JURISDICTION AND VENUE ARE PROPER

15. Jurisdiction: This Court has original jurisdiction over the present matter because complete diversity of citizenship exists and the matter in controversy exceeds $75,000, exclusive of interests and costs.

16. Venue: The Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes Los Angeles County, where the State Action was filed and is currently pending.

/ / /

4

DEFENDANTS' NOTICE OR REMOVAL OF ACTION TO FEDERAL COURT

## **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

17. This Court has jurisdiction over the present action under 28 U.S.C. § 1332(a)(1), and it may, therefore, be removed to this Court pursuant to 28 U.S.C. § 1441(b). Further, this action involves citizens of different states and complete diversity. The amount in controversy also exceeds the sum of $75,000, exclusive of interest and costs.

18. Plaintiff is a Citizen of California: For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person is "domiciled" in a location "where he or she has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely." *Lew v. Moss,* 797 F.2d 747, 749-50 (9th Cir. 1986).

19. Plaintiff is clearly a citizen of California. In her FAC, she states that "Plaintiff Cindy Ramos is, at all relevant times mentioned in this complaint…a resident of the County of Los Angeles, California." (FAC ¶ 1, **Exhibit G**). Moreover, Plaintiff admitted in her response to Defendant's First Set of Form Interrogatory No. 2.5 that her then-current residence is in Downey, California. (de Leon Decl., ¶ 5, Exhibit 1 thereto). Given that there is no evidence to the contrary, Plaintiff is a citizen of California for purposes of this jurisdictional analysis. *See, e.g., Adams v. W. Marine Prod., Inc.,* 958 F.3d 1216, 1221 (9th Cir. 2020).

20. Neither Defendant Ryder Integrated Logistics, Inc. nor Defendant Ryder System, Inc. Is a Citizen of California: A corporation is deemed to be a "citizen" of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). According to the United States Supreme Court, in order to determine a corporation's principal place of business, a court must apply the "nerve center" test. *See Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010). In *Hertz* the Court explained:

DEFENDANTS' NOTICE OR REMOVAL OF ACTION TO FEDERAL COURT

We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion). *Id.; see also 3123 SMB LLC v. Horn,* 880 F.3d 461, 465 (9th Cir. 2018).

21.    Thus, under *Hertz*, the "nerve center" of a corporation is the place in which the corporation's executives and administrative functions are located. *See Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862, 864-65 (S.D.N.Y. 1959) (corporation's principal place of business was New York, where its management was located, rather than Connecticut where most of its manufacturing was done).

22.    Here, neither Defendant Ryder Integrated Logistics, Inc. nor Ryder System, Inc. is a citizen of California. Defendants' layered membership structure makes them citizens of both Delaware and Florida. Defendant Ryder Integrated Logistics, Inc. is a Delaware corporation and a wholly owned subsidiary of its parent corporation, Ryder System, Inc. (Declaration of Delores Clark ("Clark Decl."), ¶ 3). Ryder Integrated Logistics, Inc. is incorporated in the state of Delaware, while Ryder System, Inc. is incorporated in the state of Florida, with both their corporate headquarters and principal places of business located in Miami, Florida. (Clark Decl., ¶ 4). Florida is the "nerve center" because it is where the majority of the executive, operational, and administrative functions of Ryder System, Inc. and Ryder Integrated Logistics, Inc. are performed. (Clark Decl., ¶ 5).

23.    Specifically, the corporate headquarters and home offices are located at 11690 N.W. 105th Street, Miami, Florida 33178. (Clark Decl., ¶ 4). Most of their senior executives are located at the corporate headquarters, where day-to-day control over Ryder's business is located. (Clark Decl., ¶ 5).

6

24. <u>Individual Defendant Levenhagen Is Also a Citizen of Florida</u>. As noted above, for diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor,* 704 F.2d at 1090. At all times pertinent to Plaintiff's complaint and up to the present day, Defendant Levenhagen has been domiciled in and is a citizen of the State of Florida. (Declaration of Jennifer Levenhagen ("Levenhagen Decl."), ¶ 3).

25. Thus, Plaintiff and each of the Defendants are citizens of different states pursuant to 28 U.S.C. § 1332(a).

26. <u>Fictitious "Doe" Defendants Are Disregarded.</u> Plaintiff's FAC also names defendants DOES 1 through 50, which Plaintiff alleges are defendants being sued in their fictious names. (*See* FAC, **Exhibit G.**) Does 1 through 50 are fictious defendants which are not parties for removal purposes. *See* 28 U.S.C. §§ 1441(a) and 1447(e); *Soliman v. Phillip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictious defendants is disregarded for removal purposes"); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998) (inclusion of "Doe" defendants in a state court complaint has no effect on removal). Thus, the inclusion of "Doe" defendants in Plaintiff's FAC has no effect on Defendants' ability to remove this case to federal court.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

27. <u>The Amount in Controversy Requirement</u>: The U.S. Supreme Court has affirmed that a notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 551 (2014), citing 28 U.S.C. § 1446(a). As such, a defendant need not submit evidence in support of a removal, but rather need only plausibly allege that the amount in controversy exceeds $75,000. *Id.*

28. The Ninth Circuit has further held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be

DEFENDANTS' NOTICE OR REMOVAL OF ACTION TO FEDERAL COURT

entitled if he prevails." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 418 (9th Cir. 2018). If a complaint is silent as to the amount in controversy, a defendant can establish the amount by the allegations in the complaint or by setting forth facts that the amount "more likely than not" exceeds $75,000. *Sanchez v. Monument Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).

29. Plaintiff's claims are all related to her employment, and although both her original Complaint and her FAC fail to state a specific dollar amount of damages, she seeks: (1) general and special damages; (2) pre-judgment and post-judgment interest; (3) exemplary and punitive damages; (4) attorneys' fees; (5) cost of suit incurred; (6) civil penalties; and (7) medical expenses and related items. (FAC, pg. 16, **Exhibit G**).

30. However, neither the original Complaint nor the FAC quantifies the amounts for each of these damages categories, nor does it contain any allegation specifying the total amount she seeks. Plaintiff merely alleges that she "has suffered and continues to suffer substantial losses in wages, benefits, career path opportunities, and other out of pocket expenses…" (FAC ¶ 81, **Exhibit G**). She also generally claims that she "suffered physically and emotionally" as a result of Ryder's alleged conduct. (FAC ¶ 38, **Exhibit G**). Thus, the FAC is "indeterminate" as it is unclear whether the case is removable by its face. *See Harris v. Bankers Life and Casualty Co.,* 425 F.3d 689, 692-693 (9th Cir. 2005).

31. Because the face of the FAC did not indicate the case is removable, there was no deadline by which Defendants were required to remove the action to federal court. *See Harris,* 425 F.3d at 694. Rather, the deadline would have commenced running upon Defendants' receipt of "an amended pleading, motion, order or other paper" from which Defendants could ascertain that removal is proper. *Id.*; 28 U.S.C. § 1446(b)(3). Recent settlement discussions and indicate that Plaintiff does seek to recover an amount in excess of $75,000 in this action. (*See* de Leon Decl., ¶¶ 6-8).

DEFENDANTS' NOTICE OR REMOVAL OF ACTION TO FEDERAL COURT

32.  Settlement Discussions Indicate Plaintiff Seeks in Excess of $75,000: Plaintiff's May 5, 2023 written confirmation of her settlement demand and basis for same underscores that the amount of controversy has been met. Federal Rule of Evidence 408 makes inadmissible statements made in settlement discussions "when offered to prove liability for, invalidity of, or amount of a claim that was disputed…" However, it has long been recognized that:

> …courts have found that using statements made during settlement discussions to establish the amount in controversy does not undermine the policy goals of Rule 408. That rule…seeks to encourage honest assessment and acknowledgement of litigation strengths and weakness...although the parties to a mediation generally have a duty to keep their discussions confidential, this duty does not prevent use of mediation discussions for the limited purpose of establishing the amount in controversy.

*Molina v. Lexmark Intern., Inc.*, WL 4447678, at *13 (C.D. Cal. 2008).

33.  Thus, a court may consider a settlement demand as "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)); *See also Faulkner v. Astro–Med, Inc.*, 1999 WL 820198, *3 (N.D.Cal.1999) ("A defendant may present evidence of settlement demands when attempting to prove federal subject matter jurisdiction."); *Cf. Simmons, 209* F. Supp. 2d at 1032 ("A settlement letter may provide a reasonable estimate of plaintiff's claim.").  Indeed, in *Lugo v. Costco Whole Corp.*, this Court found that Costco's evidence that the plaintiff made a $350,000 settlement demand after the lawsuit was filed "satisfied its burden to show, by a preponderance of the evidence, that the amount in controversy here exceeds the statutory minimum." *Lugo v. Costco Wholesale Corp.*, No. 8:22-cv-01349-JWH-KES, 2022 WL 4079265, at *2 (C.D. Cal. Sept. 6, 2022).

DEFENDANTS' NOTICE OR REMOVAL OF ACTION TO FEDERAL COURT

34.   Here, the parties have recently engaged in settlement discussions where certain demands were made that exceeded the $75,000 threshold. (de Leon Decl., ¶¶ 6-9). Following a private mediation, which was not successful, counsel for Plaintiff and Defendants conferred and discussed Plaintiff's $500,000 settlement demand. (de Leon Decl., ¶ 8). Counsel for Defendants requested, on several occasions both prior to and following mediation, a written demand, but was met with resistance. (de Leon Decl., ¶¶ 7-8).  Plaintiff finally responded on May 5, 2023, evidencing that the amount in controversy in this case exceeds the $75,000 threshold for removal. (de Leon Decl. ¶ 8 and Exhibit 2 thereto).

## CONCLUSION

This matter should be removed to federal court. Complete diversity of citizenship exists, as Plaintiff is a citizen of California, while the Defendants are citizens of Florida and Delaware. Moreover, based on Plaintiff's written confirmation of the amount and basis of her latest settlement demand, the amount on controversy well exceeds the $75,000 threshold. Accordingly, Defendants have properly removed the State Court Action to this Court.

WHEREFORE, Defendants pray that the State Court Action be removed from the Superior Court of California, County of Los Angeles to this Court.

Dated: May 16, 2023

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By:   */s/ Lara C. de Leon*

Lara C. de Leon
Elise G. Dvorochkin
Attorneys for Defendants
RYDER INTEGRATED LOGISTICS, INC., RYDER SYSTEM, INC. and JENNIFER LEVENHAGEN

DEFENDANTS' NOTICE OR REMOVAL OF ACTION TO FEDERAL COURT